No. 31,153

THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney General, etc., *Plaintiff*, v. THE MAYOR AND BOARD OF COMMISSIONERS OF THE CITY OF HUTCHINSON (A. L. OSWALD, Mayor, C. W. TAYLOR, WALTER B. HOAGLAND, EMMETT HUTTON and W. R. YERKES, Commissioners, and H. R. OBEE, City Clerk), *Defendants.*

(45 P. 2d 836)

filed June 8, 1935.

*Clarence V. Beck,* of Topeka, *Carr W. Taylor, C. M. Williams, Walter F. Jones, Martin Aelmore* and *Harry H. Dunn,* all of Hutchinson, for the plaintiff.

*Charles E. Hall, Ellis Clark, A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of Hutchinson, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in mandamus brought by the state .of Kansas, on the relation of the attorney general, against the mayor, board of commissioners and city clerk of the city of Hutchinson, to compel the city commissioners of the city of Hutchinson to submit to the voters of the city the question of the adoption or rejection of an ordinance granting the Hutchinson Gas Company, a Kansas corporation, a franchise to furnish gas and operate a gas distributing system in the city of Hutchinson for a period of twenty years from the date of the ordinance, August 5, 1932. This action was commenced after the mayor and commissioners had held the many petitions filed were insufficient under the laws of the state to require the submitting of the matter to the electors of the city. An alternative writ was issued and a return was made to it by the respondents.

The matter was first considered by this court for the purpose of determining the questions of law raised on the pleadings, and the decision is reported in 137 Kan. 231, 19 P. 2d 714. The court at that time stated in the early part of the opinion the matters involved as follows:

"Plaintiffs contended that the petitions were sufficient and made application to this court for a writ compelling the city commissioners to submit the question on the ordinance to a vote of the electors, and an alternative writ was allowed. The parties are proceeding on the theory that the alternative writ and return, including the records and unquestioned facts, are sufficient to raise the legal questions which divide the parties, namely, the sufficiency of the petitions to require the submission of the question to a vote of the electors." (p. 232.)

The court, upon full consideration of the pleadings and the exhibits, held the determination of the mayor and the board of commissioners as to the sufficiency or insufficiency of the petitions for calling an election to vote .upon the approval or rejection of the ordinance granting the franchise was binding upon the parties to the action and conclusive upon the courts unless the commission was actuated by fraud or was guilty of some misconduct amounting to fraud in making its decision. ·

The alternative writ alleged intentional delays, fraud and misconduct in many ways on the part .of the respondents. The questions of law being submitted on the pleadings and exhibits, the

question of fraud could not at that time be determined, although it was at issue by the denial of the respondents.

The decision in the case rendered March 11, 1933, as expressed in the syllabus, is as follows:

"When the mayor and commissioners of a city who have passed an ordinance granting a franchise to a corporation to furnish gas to the inhabitants of the city, and a petition of the electors of the city is presented to the commission asking that an election be called on the question of the adoption or rejection of the ordinance, the commission has the function of determining whether the required number of legal electors have signed the petition, and its determination is binding upon the parties and conclusive upon the courts unless it is shown that the commission was actuated in its decision by fraud or some misconduct which is the substantial equivalent of fraud.

"The allegations in the alternative writ examined and held to be sufficient to raise the issue of fraud in the refusal of the city commissioners to approve the petition presented and to call the election requested by the petitioning electors." (Syl. ¶¶ 1, 2.)

The court appointed a commissioner to hear the testimony as to fraud and misconduct amounting to fraud and to make findings and conclusions of law thereon. This has been done, and the commissioner made nineteen findings of fact giving a detailed history of the conduct of the officers of the city in connection with the matter involved, finding that the mayor and a majority of the city commissioners acted in good faith, were not arbitrary, were not actuated by any ulterior motives or hope of reward, and were not guilty of bad faith, fraud or corruption. The commissioner made four conclusions of law based upon these findings, holding the conduct of the officers of the city in making the decision as to the insufficiency of the petitions for an election was not fraudulent and was not actuated by fraud, ulterior motives or other misconduct the substantial equivalent of fraud.

The relator has filed exceptions to three of the findings and to each of the four conclusions of law, and also a motion for judgment on the findings. The respondents have filed a motion to confirm the report of the commissioner.

The first exception taken by the relator to the findings of the commissioner is to the following language in finding No. 9: "but their withdrawal petitions did not enter into the calculations subsequently made by the city clerk and city attorney," for the reason that such finding is contrary to finding No. 11 and because the evidence of the city clerk shows the withdrawals did enter into the

calculation. Finding No. 11 gives the substance of a resolution offered at the meeting of the city commission on October 7, 1932, which contained some figures as to the number of voters duly registered that had signed the petition, but the same finding shows the report of the city clerk immediately thereafter stating "that he had not checked the petitions and withdrawals to completion." The evidence of the city clerk referred to does show some withdrawals, but the qualifying statements of the city clerk are emphatic that such was only a preliminary working sheet. The checking was not complete before the meeting on October 7. The letter of the city attorney to the city clerk which the clerk adopted as his report to the commission on October 14, 1932, contains the following sentence:

"I have not considered the withdrawals because without considering them, the petitions are nevertheless insufficient."

The part of finding No. 9 to which exception is taken is well supported by evidence.

The second exception is to the following language in finding No. 17:

". . . the mayor and two of the commissioners did not act arbitrarily but on the contrary they were sincere in their belief that their conclusion was correct."

The third exception is to finding No. 18 as a whole. This finding concerns the delay in reaching a decision upon the question of the sufficiency of the petitions during the sixty-day period, waiting for the possible filing of other petitions, and the further delay of one week from October 7 to October 14 for the city clerk to make his report to the commission. The first delay was found not to be by any arbitrary conduct on the part of the respondents, and the further delay of one week for the city clerk to complete his report was found to be not unreasonable, subject to criticism, or prejudicial. We think both these findings, to which the second and third exceptions are directed, are supported by substantial evidence and should stand.

The exceptions to the four conclusions of law are briefed and argued together, and with them the relator argues the following two propositions of law:

"(1) Can the city commission reject legal petitions and its action in rejecting such petitions be conclusive and not subject to review by the courts except upon proof of fraud or arbitrary conduct or misconduct amounting to fraud?

"(2) Did the city commission reject legal petitions?"

The contention of the relator is that failure of the city commission to consider certain petitions amounted to fraud and that the rejection of certain petitions by the city commission by applying to them certain improper requirements was arbitrary and likewise amounted to fraud. Attorneys representing the relator well and ably argue their theory of the rules applicable to the determination of requirements to be observed in making and filing petitions for an election on a franchise ordinance. But is that the question here reserved for consideration and referred to the commissioner? Possibly it may be, if it amounts to fraud, as that was the only matter left undetermined in the decision heretofore rendered herein, and the only matter on which the commissioner was directed to make findings and conclusions.

If the city commission was wrongly advised as to the requirements of petitions filed for calling an election on a franchise ordinance and acted thereon differently from what others might find and conclude was the correct and legal way, is that fraud or arbitrary conduct substantially equivalent to fraud? We think not. Fraud is not to be presumed; it is to be proved. Relator's strong argument is that following the wrong course, making unnecessary requirements as to the validity and sufficiency of petitions, is fraudulent. Of course, if done arbitrarily and deliberately for the purpose of delay and to defeat the project it might easily be fraud. But the commissioner has found otherwise, and the fact that the commission did pursue a wrong course—if it did—and followed the requirements of other statutes not appropriate, if they were not the proper ones to be applied, will not of itself make the acts of the commission fraudulent.

No one understands better than the attorneys for the relator in this case, as shown by the allegations contained in the alternative writ, the absolute necessity of allegations and proof of the elements of the fraud complained of, upon which the relator relies, especially an element in addition to applying the wrong statute and erroneously excluding petitions otherwise valid containing names that should have been counted and considered as praying for an election, when they loaded their alternative writ with the following and similar allegations:

"That the said mayor and board of commissioners of the city did arbitrarily . . . fail, neglect and refuse to approve said petitions and the signatures thereto. . . . that said city commissioners without legal cause or excuse, and acting arbitrarily and not in good faith, did unlawfully throw out

. . . all of which acts on the part of said mayor and board of commissioners were and are arbitrary, wrongful, illegal and oppressive, were not done in good faith, and constituted a wrong and injury to said qualified electors. . . . that the said mayor and the majority of the city commissioners of the city of Hutchinson, Kan., acting together and for the purpose of aiding the Hutchinson Gas Company, a corporation, the grantee of said franchise ordinance No. 2,190, at that time refused to act on said petition or to determine the legality and sufficiency thereof, until after the sixty days' intervening time provided by law had passed by . . ."

The commissioner found that none of these allegations of bad faith, arbitrary conduct and unreasonable delay had been proved, and made his findings and conclusions accordingly, and we hold that such elements of fraud or misconduct substantially equivalent to fraud have not been established by the evidence in the case, and we therefore overrule the motion of the relator for judgment on the findings and confirm the report of the commissioner.

The writ is denied.

JOHNSTON, C. J., not sitting.